STATE *EX RELATIONE* NESBITT v. MARSHALL.

1.  A proceeding before a trial justice to eject a tenant (*Gen. Stat.* § 1819), who claims title in himself, is not an action involving the title to land, but a summary proceeding, and the trial justice has jurisdiction. *O'Neale* v. *Fickling*, 10 *S. C.*, 301.
2.  But in such proceeding, the tenant must be personally served with the notice to show cause, and when served by copy left, and he appeared and objected to the jurisdiction upon this ground, the trial justice was without jurisdiction, and the tenant, under a writ of *certiorari*, is entitled to have the proceeding vacated.

Before WALLACE, J., Richland, December, 1884.

The opinion fully states the case.

*Messrs. Bacon & Moore*, for appellant.

*Messrs. Lyles & Haynsworth*, contra.

April 1, 1886.   The opinion of the court was delivered by
MR. CHIEF JUSTICE SIMPSON.   This was a petition praying a writ of *certiorari*, to be directed to J. Q. Marshall, trial justice for Richland County, commanding him to certify and send to the court below a certain proceeding had before him by the respondent, Cavender, as alleged landlord, to eject the appellant, as alleged tenant, from certain real estate situate in said county.   Upon this petition, a rule to show cause was issued by his honor, Judge Kershaw, upon the return to which the case was heard by his honor, Judge Wallace, who issued an order, of which the following is a copy : "The petition for the issuance of a writ of *certiorari* in the above entitled cause having been heard : it is ordered, that the said petition be, and the same is hereby, refused, and that the order of Judge Kershaw restraining the respondent herein be, and the same is hereby, dissolved."   From this order the appeal before us has been taken, with a number of exceptions, which, however, need not be set out *seriatim*, as we think the points involved may be considered and determined without this.

The appellant claims as a foundation for the writ, that the trial

justice had no jurisdiction, either of the subject matter in question
or of the person of the relator; not of the subject matter, because
title to land was raised, and not of the person, because he had not
been personally served with notice to quit, or to show cause why
he should not be ejected, as required by section 1819, General
Statutes.   Further, that the relator was not a tenant of Cavender,
and owed no rent; that no entry and claim of possession of the
premises had been made by Cavender, and that the trial justice
committed errors of law in refusing to hear certain testimony of-
fered by the relator and in allowing certain other testimony offered
by Cavender; and also that there was error of law in the ruling
of the trial justice in some other respects.

We think that the main questions raised in this appeal are
concluded by our cases of *O'Neale* v. *Fickling*, 10 *S. C.*, 301;
*State ex rel. McCall* v. *Cohen*, 13 *Id.*, 198; and *State ex rel.
Maxwell* v. *Mitchell*, 21 *Id.*, 598.   In the first case above, the pro-
ceeding below was to eject the petitioner from certain premises in
the city of Columbia, of which the respondent claimed to be the
owner, and that the petitioner was a tenant at will.   The peti-
tioner denied the tenancy at will, and claimed title in herself.
The trial justice heard the proceeding, and ordered the petitioner
to be ejected, and the petitioner prayed a writ of prohibition,
mainly upon the grounds: 1st.   That title to real estate being in-
volved, the trial justice had no jurisdiction; and 2d.   That it ap-
peared on the face of the proceedings that the relator was not a
tenant at will.   The court held, that while it was the law, that
trial justices had been excluded from jurisdiction in "actions"
where the title to real estate came in question (*Old Code*, § 81),
yet that this law did not apply to summary proceedings like the
one then under consideration, because such proceeding could not
be regarded as constituting an action.   The court says: "That
this was not intended is evident from the fact that this section
[the section under which the proceeding had been instituted] was
re-enacted as a part of the general statutes, after the code took
effect."   Now, this applies fully to the case here.   For the reason
given above, the proceeding before the trial justice, Marshall, was
not an action in the sense of section 81, old code, and therefore,
under authority of *O'Neale* v. *Fickling, supra,* the raising of

title by the relator did not oust the trial justice of jurisdiction on that ground.

Inasmuch as this case, however, ultimately turns upon another question of jurisdiction in the trial justice's court, it is not necessary to discuss the errors of law assigned to the court below, nor how far such alleged errors are reviewable by this court, on appeals in *certiorari* proceedings originating in the Court of Common Pleas.   But there is no doubt that it belongs to the office of *certiorari* to test the jurisdiction of the inferior court to which it may be directed.   We have, therefore, addressed ourselves to this question in the first instance, and finding the trial justice's court was without jurisdiction for the reasons given below, we have not considered the errors of law assigned.

As to the subject matter, the question of title being out of the way, it may be assumed for this case that the trial justice had jurisdiction, under section 1819 of General Statutes, and whether the rent was due, or had been paid in whole or in part, were questions of fact for him, and also in a case of prohibition it would be for him to ascertain, whether the relation of landlord and tenant existed between the parties, and whether it was of the character required by the section of the General Statutes under which he was acting.   *O'Neale* v. *Fickling, supra.*   See, however, *Leonard's Case,* 3 *Rich.,* 113 ; *Cooper* v. *Stocker,* 9 *Rich.,* 292 ; and *State ex rel. Sawyer* v. *Fort & Harth,* next case *infra,* as to *certiorari.*

But to give the trial justice complete jurisdiction, it should appear upon the face of the proceedings that he had jurisdiction of the person of the relator as well as the subject matter.   Now, to give the trial justice such jurisdiction, the section 1819 requires that he shall have a notice served on the tenant to show cause before him, if he can, within three days from its date, why he should not be dispossessed, and that this service shall be a *personal service.*   In the case of *State ex rel. McCall* v. *Cohen,* it was held that a judgment rendered by an inferior court against a party not brought within its jurisdiction by proper service of process, may be set aside under proceedings by *certiorari.*   True, it was intimated in that case that a voluntary appearance without service before judgment would have been sufficient, as equivalent

to a personal service.    *Code,* § 160.    And in the case of *State ex rel. Maxwell* v. *Lewis,* it was held, where the trial justice himself had served the process, which was irregular, yet the defendant having appeared and fixed a day for the trial, could not afterwards interpose the objection of non-service.

Now, the relator here was not personally served.    He denies such service, and the constable testified that the service was made by leaving a copy at the house of the relator; but, notwithstanding this, had he voluntarily appeared, without objecting to the service, under the authority of the cases *supra,* he would have been concluded.    Did he voluntarily appear?    He appeared and demanded a complaint to be filed, setting forth the cause of action. He then answered, objecting, amongst other things, that no personal service of the notice to show cause had been made upon him, thus raising a jurisdictional question.    This, it seems to us, is different from those cases where the party appears without service of summons and consents to go on with the cause.    The objection that no personal service had been made, was in effect a protest to the further progress of the case, and it accompanied its progress to termination.    It is true that the relator, not having been personally served, might have disregarded the notice, and might have refused to appear; then clearly the trial justice would not have had jurisdiction of his person.    *McCall* v. *Cohen,* and *Maxwell* v. *Mitchell, supra.*    If so, should his appearing under protest give jurisdiction?    We think not.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the proceeding before the trial justice be vacated and set aside.